(No. 00133

In Re Application of Josephine Palese

*Opinion filed November 14, 1977*

Per Curiam.

This claim, arising out of the death of a policeman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiaries pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," (hereafter, the Act,) Ill. Rev. Stat., Ch. 48, Sec. 281 *et seq.,* 1975.

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General's Office; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's Office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted, the Court finds that:

1. The claim herein was filed in behalf of Robert Joseph Palese; son of Chicago Police Sergeant Michael R. Palese; Robert Joseph Palese was designated as beneficiary of Sgt. Palese by form dated December 1, 1969.

2. Sgt. Palese, age 45, was a full-time police sergeant, employed by the Chicago Police Department, and engaged in the active performance of his duties, within the meaning of Section 2(e) of the Act, on March 22, 1977.

3. On March 22, 1977, Sgt. Palese, within regularly assigned duty hours and in uniform, was killed when struck by a railroad train, during a snow storm at 12:45 a.m. while searching the railroad right-of-way for a six-year-old girl who had been reported missing from her home near the search area. Sgt. Palese was killed instantaneously, and the immediate cause of his death was recited as "multiple injuries, extreme."

4. Sgt. Palese was killed in the line of duty as defined in Section 2(e) of the Act.

5. The proof submitted in support of this claim satisfies all of the requirements of the Act and the claim is therefore compensable thereunder.

It is hereby ordered that the sum of $20,000.00 be awarded to Robert Joseph Palese, the son and designated beneficiary of Chicago Police Sgt. Michael R. Palese.